UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SCOTT MAIONE and TASHA OSTLER,
on behalf of their infant children J.M., MM.,
and S.M.,

               Plaintiffs,                      **MEMORANDUM & ORDER**
                                                     15-CV-601 (PKC) (SMG)

   − against –

THE CITY OF NEW YORK, STERLING
METS L.P., and QUEENS BALLPARK
COMPANY, LLC,

               Defendants.
--------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

Before the Court is Defendant City of New York's motion to remand this case to State court. (Dkt. 20.) The Court grants the motion in full for the reasons set forth below.

### *BACKGROUND*

This case arises out of an incident that occurred during a Mets baseball game at Citi Field in Queens, New York on August 20, 2013. (*See* Dkt. 21 Ex. A ("Compl.") ¶¶ 5–41.) On November 14, 2014, Plaintiffs Scott Maione and Tasha Ostler filed suit, on behalf of themselves and their infant children J.M., M.M., and S.M., against Defendant City of New York (the "City") and Defendants Sterling Mets, L.P. ("Mets") and Queens Ballpark Company, LLC (collectively the "Mets Defendants") in the Supreme Court of the State of New York, County of Queens ("Queens County Supreme Court"). (*Id.* at ¶¶ 3–4.)[1] Plaintiffs assert an array of claims,

---

[1] Plaintiffs commenced suit *pro se*, but are now represented by Louis J. Maione, Esq. (*See* Dkt. 9 (Notice of Appearance by Louis J. Maione on behalf of all Plaintiffs).)

including, *inter alia*, false imprisonment, assault and battery, infliction of pain and suffering, negligent supervision, and violation of civil and disability rights.  (*Id.* at ¶¶ 42–72.)

On February 6, 2015, the Mets Defendants filed a Notice of Removal with this Court. (*See* Dkts. 1 ("Notice of Removal"); 21 (Declaration of Ashley R. Garman, Esq., in Support of Motion to Remand ("Garman Decl.")) ¶ 7.)  On September 1, 2015, the City moved to remand this action to Queens County Supreme Court, asserting that it had not consented to the removal of this action to federal court.  (*See* Dkts. 20 ("Notice of Motion to Remand"); 22 ("City Mem.")).[2]

## *DISCUSSION*

### I. Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  This provision is construed narrowly and in favor of remand out of "[d]ue regard for the rightful independence of state governments."  *Gribler v. Weisblat,* 07 CV 11436, 2008 WL 563469, at *1 (S.D.N.Y. Feb. 25, 2008) (quoting *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941)); *see Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.")  "'The burden of proving federal removal jurisdiction,' therefore, 'is on the party seeking to preserve removal, not the party moving for remand.'"  *Gribler*, 2008 WL 563469, at *1 (quoting *Pan Atlantic Grp., Inc. v. Republic Ins. Co.,* 878 F. Supp. 630, 638 (S.D.N.Y. 1995)).

---

[2] Plaintiffs take no position on the City's motion to remand.  (*See* Dkt. 26.)

Section 1446(b) of Title 28 of the United States Code sets forth the requirements for removal of a State court action, including the requirement that when, as here, removal of a civil action is based solely on Section 1441(a), *i.e.*, original jurisdiction in federal court, "*all defendants* who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2) (emphasis added). This "rule of unanimity" is well-established. *See Heller v. N.Y.C. Health & Hosps. Corp.,* 09 CV 6193, 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010) (requiring "all defendants to manifest their consent to removal"); *Ell v. S.E.T. Landscape Design, Inc.,* 34 F. Supp. 2d 188, 193–94 (S.D.N.Y. 1999) (collecting cases requiring unanimous consent); *see also Novick v. Bankers Life Ins. Co.*, 410 F. Supp. 2d 98, 100 (E.D.N.Y.) ("[A]ll [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.") (quoting *Ell*, 34 F. Supp. 2d at 193), *vacated on other grounds*, 450 F. Supp. 2d. 196 (E.D.N.Y. 2006). Furthermore, "mandating written consent to remove 'is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand.'" *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326 (E.D.N.Y. 1998) (citation omitted). Thus, "[a]bsent consent of all parties, 'the removal petition is defective[,] and the usual course of conduct is for the federal court to remand the action back to state court.'" *Snakepit Auto., Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201 (E.D.N.Y. 2007) (quoting *Newkirk v. Clinomics Biosciences, Inc.*, 06 CV 0553, 2006 WL 2355854, at *3 (N.D.N.Y. Aug. 15, 2006)).

## II. Lack of Unanimous Consent to Remove this Case to Federal Court

The City seeks to remand this case to State court, asserting that it never consented to removal of this action to federal court. (City Mem. at 5.)[3] Indeed, the Notice of Removal filed by the Mets Defendants makes no mention of the City beyond the caption, and gives no indication of the City's consent to removal. (*See* Dkt. 22 Ex. D ("Revised Notice of Removal").) *See Codapro*, 997 F. Supp. at 325 (noting "most courts have required some form of unambiguous written evidence of consent to the court") (citation omitted).[4] Thus, the Mets Defendants' removal petition is defective because it fails to comply with the rule of unanimity. *See Snakepit*, 489 F. Supp. 2d at 201.

"The *only* exceptions to [the] rule [of unanimity] are where '(i) *the non-joining defendants have not been served with service of process at the time the removal petition is filed*; (ii) the non-joining defendants are nominal parties; or (iii) the removed claim is a separate and independent cause of action as defined by 28 U.S.C. § 1441(c).'" *Gribler*, 2008 WL 563469, at *1 n.4 (citations omitted) (emphasis added). The second and third exceptions are clearly inapplicable in the instant case. With respect to the exception for lack of service of process, the City was served by Plaintiffs on or about January 9, 2015 (*see* City Mem. at 2), well before the Notice of Removal was filed on February 6, 2015. Moreover, a removing defendant's lack of

---

[3] The other requirements for removal under 28 U.S.C. § 1446 are not at issue. For example, the City does not dispute that the Mets Defendants have complied with the requirement in 28 U.S.C. § 1446(b) that the notice of removal "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." (*See* Notice of Removal; City Mem. at 3–4.)

[4] Although the Mets Defendants contend – and the City disputes – that counsel for the Mets Defendants attempted, without success, to speak to the City's attorneys about whether the City would oppose removal (*see* Dkt. 24 ¶ 6; Garman Decl. ¶ 10), it is irrelevant whether any such attempts were made and whether the parties actually discussed the removal issue. The only relevant fact, which is undisputed, is that the City did not join the removal petition and continues to challenge removal of this matter.

knowledge as to whether a non-consenting co-defendant was served does not excuse compliance from the unanimity rule. *Metro. Transp. Auth. v. United States Fid. & Guarantee Co.*, 14 CV 9059, 2015 WL 1730067, at *7 (S.D.N.Y. Apr. 14, 2015) (citation omitted).

In analyzing the first exception to the unanimity rule, courts focus on whether there was proper service of process because that is when the State court obtains jurisdiction over a defendant. *See, e.g.*, *James v. Gardner*, 04 CV 1380, 2004 WL 2624004, at *3 (E.D.N.Y. Nov. 10, 2004) (defective service means that no court acquired jurisdiction over co-defendant, and therefore consent was not required); *Newkirk*, 2006 WL 2355854, at *3 ("a defendant not subject to state court jurisdiction through proper service of process at the time of removal is excused from the unanimity requirement"). This approach is consistent with the Supreme Court's instruction that district courts give due regard to State court jurisdiction when construing removal statutes. *See Shamrock,* 313 U.S. at 109 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)); *see generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (observing that "service of process . . . is fundamental to any procedural imposition on a named defendant. . . . In the absence of service of process (or waiver by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant[]" and holding that the time for removal commences when service is completed and jurisdiction over a defendant has been obtained). To the extent that a defendant's answer is pertinent to the removal inquiry, it is only with regard to consideration of potential manifestations of consent. *Cf. Gribler*, 2008 WL 563469, at *1 ("co-defendant's answer was not an unambiguous manifestation of consent to removal") (citing *Unicom Sys., Inc. v. Nat'l Louis*

*Univ.*, 262 F.Supp.2d 638 (E.D.Va. 2003); *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968 (S.D. Ohio 2003)).

The Mets Defendants advance a novel objection to the application of the rule of unanimity in this case, which the Court finds unpersuasive. The Mets Defendants argue that because the City failed to timely interpose its Answer,[5] it was not a "properly joined" party under 28 U.S.C. § 1446(b)(2)(A), and thus the City's consent to removal was not required. (Dkt. 25 ("Opp. Mem.") at 2–6.) The Court finds no support for this interpretation of the "properly joined" element of 28 U.S.C. § 1446(b)(2)(A), nor have the Mets Defendants identified persuasive authority on this point.[6] Indeed, the more logical interpretation of the phrase "properly joined defendant" in Section 1441(b)(2) is, as the Fifth Circuit has found, that it simply comports with Fed. R. Civ. P. 20(a), namely, a defendant who is properly named or "joined" in an action. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532–33 (5th Cir. 2006); Fed. R. Civ. P. 20(a)(2) (providing, *inter alia*, that "persons . . . may be joined in an action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action").

---

[5] The Mets Defendants' contention that the City's Answer was untimely is based on the City allegedly having served its Answer on Plaintiffs on February 6, 2015, eight days past the filing deadline for the City's Answer, and not serving its Answer on the Mets Defendants at all. (Opp. Mem. at 3–4; Garman Decl. ¶¶ 5, 6; Dkt. 21 Ex. C.)

[6] The Mets Defendants cite to cases that do not illuminate the meaning of "properly joined," but rather only tangentially relate to the statutory removal procedures. (*See* Opp. Mem. 4); *Murphy Bros.*, 526 U.S. at 356 (service of process marks the commencement of 1446(b)'s removal period); *Gribler,* 2008 WL 563469, at *1 (co-defendant's mere filing of a motion to dismiss does not satisfy the rule of unanimity's consent requirement); *Novick*, 410 F. Supp. 2d at 100 (remanding after co-defendant did not file or attempt to file consent to removal).

Thus, the Court rejects the Mets Defendants' "properly joined" argument, and finds that the City's consent to removal is still required by the rule of unanimity. Because the Mets Defendants did not obtain the City's consent before removing this matter, and because the City, which was properly served, never consented to the removal, the Mets Defendants cannot carry their burden of establishing federal removal jurisdiction.

## *CONCLUSION*

For the reasons set forth above, the Court grants Defendant City of New York's motion to remand this action to State court.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: October 28, 2015
      Brooklyn, New York